**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **IRMA SHIRAVA** | **CIVIL ACTION NO. 26-0392** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Petitioner Irma Shirava,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

## Background

Petitioner is a citizen of Georgia. [doc. # 1-2, p. 1]. She entered the United States of America on December 8, 2024, and she was taken into immigration custody the same day. [doc. #s 1, p. 5; 1-2, p. 1]. On June 25, 2025, an immigration judge ordered her removed from the United States but granted her withholding of removal to Georgia. *Id.* She did not appeal the removal order to the Board of Immigration Appeals. *Id.*

Petitioner filed this proceeding on February 4, 2026. [doc. # 1, p. 8]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that her removal is not reasonably foreseeable. *Id.* at 6. She states that a consulate has not issued her travel documents and has not

---

[1] Petitioner's "A-Number" is 221-347-107.

agreed to accept her return.  *Id.*  She states that she has fully cooperated with removal efforts and all facility rules, and she has attended all of her immigration court hearings.  [doc #s 1, p. 6; 1-2, p. 2].  She adds, "there is no indication that removal will occur" because no country has agreed to accept her.  [doc. # 1, p. 6].  According to Petitioner, ICE has neither identified a third country for removal nor provided her any timetable or evidence showing that her removal will occur in the reasonably foreseeable future.  *Id.*  There "is no safe country designated in [her] removal order that [she] can be removed to at this time."  [doc.  #1-2, p. 1].  She has "no other country where [she has] lawful status citizenship."  *Id.* at 2.  She also notes that her "requests for release from detention have been repeatedly ignored or denied without any meaningful explanation."  *Id.*

Petitioner also claims that ICE has failed to provide proper medical care for her diabetes, high blood pressure, and gastritis.  [doc. # 1, p. 6].  She relatedly claims that her detention places her health and safety at risk.  *Id.*

Petitioner seeks release from custody under reasonable conditions of supervision.  [doc. # 1, p. 7].

## Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 1], Declaration, [doc. # 1-2], and a copy of this Memorandum Order by certified mail on the warden of Richwood Correctional Center, DHS/ICE through its Director, the United States Attorney General, and the United States Attorney for the Western District of Louisiana.

**IT IS ORDERED** that Respondents answer the Petition within **21 days** following the date of service.  Respondents shall include evidence indicating whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and whether Petitioner's

detention is otherwise lawful.  Respondents shall also include information regarding the length of time that Petitioner has been in custody, the date she entered the United States, her statutory and/or regulatory classification both when she entered the United States and now, the statute under which she is presently detained, the date she was ordered removed, the date on which her removal order became final, and all documents relevant to any efforts made by officials to obtain travel documents for Petitioner and remove Petitioner.  Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

**IT IS FURTHER ORDERED** that Petitioner shall have **14 days** following the filing of Respondents' response to file a reply.

**IT IS FURTHER ORDERED** that as a condition of their acceptance by the Clerk of Court, all future filings by the parties shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing.  If no hearing is necessary, the undersigned will issue a Report and Recommendation without further notice.

In Chambers, Monroe, Louisiana, this 17th day of February, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge